UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DENISE M. LAWRENCE,

        Plaintiff,

  v.                                         **DECISION & ORDER**
                                                     04-CV-963S

TOWN OF CHEEKTOWAGA,

        Defendant.

        1.      Plaintiff Denise M. Lawrence commenced this action in the New York Supreme Court in Erie County on October 26, 2004.  In her Complaint, Plaintiff alleges that unnamed police officers of the Defendant Town of Cheektowaga subjected her to an illegal and invasive search of her person in connection with her arrest.  (Not. of Rem., Ex. A, ¶¶ 6-7).  Plaintiff contends that it is the "official policy" and "standing procedure" of the Cheektowaga Police Department to conduct body and cavity searches of its arrestees without reasonable suspicion or probable cause.  (Not. of Rem., Ex. A, ¶¶ 7, 9-10).  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  (Not. of Rem., Ex. A, ).

        2.      Defendant removed this case to the United States District Court for the Western District of New York on December 1, 2004.  (Not. of Rem.).  Currently before this Court are Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Plaintiff's Cross-Motion to Amend Complaint.  For the following reasons, Defendant's Motion for Summary Judgment is granted as unopposed and Plaintiff's Motion to Amend is denied.

        3.      Defendant filed the instant Motion for Summary Judgment on December 21,

2005.[1]  Therein, Defendant sets forth its written policy regarding strip searches and body cavity searches.  (Def's Mem., p. 3).  Specifically, this policy strictly limits the circumstances under which strip searches may be conducted to those cases where "there is reason to suspect that weapons, contraband, or evidence is concealed on the person or in the clothing in such a manner that they may not be discovered by a routine search." (Def's Mem., p. 3).  The policy further provides that "under no circumstances shall a body cavity search be performed by a member of [the Cheektowaga Police Department]." (Def's Mem., p. 3).  In essence, Defendant argues that because it has a written policy that is constitutional on its face, Weber v. City of Rochester, 804 F.2d 796, 802 (2d Cir. 1986), Plaintiff's alleged injury was not caused by municipal policy or custom.  Accordingly, Defendant may not held liable under 42 U.S.C. § 1983.  See Bd. of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 397, 117 S. Ct. 1382, 1385, 137 L.Ed.2d 626 (1997).

    4.    On January 20, 2006, Plaintiff filed a Cross-Motion to Amend the Complaint in which she concedes that "at the time of the incident in question, the Town of Cheektowaga had in place a constitutionally permissible strip search policy," and consents to dismissal of the Complaint against the Town of Cheektowaga, the sole Defendant in this case.[2]  (Pl's Att. Aff., ¶ 2).  Under the circumstances, this Court will grant Defendant's Motion for Summary Judgment as unopposed.

---

[1] In support of its Motion for Summary Judgment, Defendant filed a Rule 56 Statement, an Attorney Declaration with numerous exhibits, and a Memorandum of Law.  Plaintiff filed an Affirmation in response to Defendant's Motion, which conceded that the Complaint should be dismissed against the Town of Cheektowaga.  This Affirmation was erroneously docketed as an Affirmation relating to Plaintiff's Cross-Motion to Amend the Complaint. (Docket No. 14).

[2] In support of her Cross-Motion to Amend, Plaintiff filed an Attorney Affirmation.  Defendant filed a Memorandum of Law and an Attorney Declaration with Exhibits in opposition to the Cross-Motion.

5.	Notwithstanding her concession with respect to Defendant, Plaintiff seeks to substitute additional parties -- specifically, the individual officers who performed the invasive search of her person -- and to further amend the Complaint. (Pl's Att. Aff., ¶ 1). Plaintiff argues that granting the motion to amend will not be prejudicial to any parties and new defendants are "amenable" to suit as the three year statute of limitations has not yet elapsed. (Pl's Att. Aff., ¶ 7). Rule 16(b) of the Federal Rules of the Civil Procedure ("Rule 16(b)") governs Plaintiff's request to amend the pleadings.

6.	Under Rule 16(b), the district court is required to enter a scheduling order setting deadlines for the parties to complete discovery, to join other parties, and to amend the pleadings, among other things. Fed.R.Civ.P 16(b). Rule 16(b) further provides that a scheduling order may not be modified except by leave of the district court upon a showing of good cause. Fed.R.Civ.P 16(b). "[T]he rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000) (internal citation omitted). Accordingly, "a person seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b)." Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

"'Good cause' means that scheduling deadlines cannot be met despite a party's diligence." Carnrite v. Granada Hosp. Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997); see Parker, 204 F.3d at 340 (holding that a "finding of 'good cause' depends on the diligence of the moving party"); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (stating that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment").

Good cause can be established when a party does not discover a basis to amend the pleadings or add parties until the scheduling order's deadline to do so has passed. See Oxaal v. Internet Pictures Corp., No. 00CV1863LEKDRH, 2002 WL 485704, at *1-2 (N.D.N.Y. Mar. 27, 2002) (concluding that good cause was established where, subsequent to the scheduling order deadline for amendment of the pleadings, a Federal Circuit decision "established [a] new rule of law," which defendant sought to assert as a defense in his amended answer); Deghand v. Wal-Mart Stores, 904 F. Supp, 1218, 1222-23 (D. Kan. 1995) (holding that good cause was established where the defendant did not supplement its disclosure under Rule 26 to reveal a letter suggesting defamation of the plaintiff until the deadline for moving to amend the pleadings or add parties had passed); Robinson v. Colonie, No. 91-CV-1355, 1993 WL 191166, at *3 (N.D.N.Y. June 3, 1993) (finding good cause where the plaintiffs did not learn that they had confused the identity of defendants until they observed defendants at deposition, which was conducted subsequent to scheduling order deadline for filing amended pleadings).

In the case at bar, this Court's initial scheduling order, filed February 17, 2005, provided that all motions to join other parties and amend the pleadings shall be filed by June 30, 2005, that all discovery shall be completed by September 30, 2005, and that all dispositive motions, if any, shall be filed by December 30, 2005.  (Sch. Ord., ¶ 2).  The record reflects that Plaintiff allowed each of these deadlines to elapse without adding the individual officers involved in Plaintiff's alleged search, despite Magistrate Judge Foschio's suggestion to do so and despite Defendant's early disclosure of its strip search policy.

According to the official transcript of the Rule 16 conference on February 16, 2005, Judge Foschio expressed concern numerous times that Plaintiff had not named the

individual officers as Defendants in the action.  By way of example, Judge Foschio made the following statements during the brief conference: "it usually is the case that we sue the individual officers . . . ," "you and I both know that individual liability is paramount and oftentimes the municipal liability is a little tougher to prove," and "have you thought it through?  I mean, are you happy with the way it is right now?  Don't you intend to go after these officers individually?" (Tr., pp. 2, 4).[3]  Plaintiff's counsel declined Judge Foschio's recommendation, indicating that he intended to pursue the Town of Cheektowaga on the basis of its municipal policy or practice with respect to strip searches.  (Tr., pp. 2-5; Birenbach Decl., ¶ 3).[4]

In addition, Plaintiff was actually in possession of Defendant's strip search policy well before the deadline to add parties or amend the pleadings had elapsed.  That is, a copy of the strip search policy was provided to Plaintiff on March 1, 2005, as part of Defendant's initial disclosure.  (Birenbach Decl., ¶ 7).[5]  In other words, nearly one year passed between the date Plaintiff should have known to amend her Complaint -- March 1, 2005 -- and the time she actually moved to amend it on January 20, 2006.  Given Plaintiff's apparent lack of diligence, this Court finds that she has not demonstrated good cause to modify the scheduling order.  See Parker, 204 F.3d at 340-41 (finding that where plaintiff received a copy of the company policy and was aware of the employer's breach, the district

---

[3] The transcript of the proceedings before Judge Foschio on February 16, 2005, appears at Docket No. 17.

[4] The Declaration of Brian A. Birenbach appears at Docket No. 16.

[5] Moreover, Plaintiff's deposition testimony, taken on March 31, 2005, describes the officers and personnel present and in the vicinity at the time of the alleged search.  (Def's Not. of Mot., Exhibit B, pp. 35-40).  Although she could not identify them by name, Plaintiff described these individuals with sufficient particularity that their identities could be ascertained with reasonable efforts.  For example, Plaintiff described a "tall" officer in his late thirties or early forties with "dark hair" and "real bad skin like, like bad acne, all red and puffy."  (Def's Not. of Mot., Exhibit B, p. 35).

court did not abuse its discretion in denying Plaintiff leave to add a claim based on that information); Appollo Theater Found., Inc. v. Western Int'l Syndication, No. 92 Civ. 10037(DLC), 2005 WL 1041141, at *19 (S.D.N.Y. May 5, 2005) (denying motion to amend where claims could have been raised prior to deadline based on information in the moving party's possession).  Accordingly, Plaintiff's Motion to Amend the Complaint is DENIED.

IT HEREBY IS ORDERED that the Defendant's Motion for Summary Judgment (Docket No. 10) is GRANTED AS UNOPPOSED.

FURTHER, that Petitioner's Cross-Motion to Amend Complaint (Docket No. 13) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the steps necessary to close this case.

SO ORDERED.

Dated:      July 17, 2006
            Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge